UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Katherine A. Oster,       Case No. 1:22-cv-0909

    Petitioner

v.      MEMORANDUM OPINION AND ORDER

Ashtabula County Sheriff Department,

    Respondent

## BACKGROUND AND HISTORY

*Pro se* Petitioner Katherine Oster filed the above-captioned Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254. Petitioner was being held in the Ashtabula County Jail when she filed this Petition; however, she subsequently was moved to the Ohio Reformatory for Women. She challenges two convictions from Ashtabula County in this Petition, namely Case Nos. 2021 CR 553 and 2015 CR 455, claiming she was not given Miranda warnings prior to her arrests, she was the victim of officer and judicial misconduct, and she received ineffective assistance of counsel in both cases. She seeks release from custody.

Petitioner was indicted in August 2015 on six counts of trafficking heroin, one count of aggravated trafficking drugs, and three counts of endangering children. *See State of Ohio v. Oster*, No. 2015 CR 00455 (Ashtabula Cty Ct. Comm. Pl. indictment filed Aug. 19, 2015). Pursuant to a plea agreement, she pled guilty to two counts of trafficking in heroin and three counts of endangering

children. The State dismissed the remaining charges. She was sentenced on February 29, 2016, to five years of intensive community control sanctions with additional conditions, and suspension of driving privileges for six months.

On December 28, 2017, the trial court issued a capias for Petitioner's arrest for violation of the terms of her supervised release. She pled guilty to the violation on February 9, 2018, and was sentenced to six months in the Northeast Ohio Community Alternative Program and ordered to complete the program and all recommended treatments. She was also ordered to serve the remainder of her community control sentence.

The Ohio Adult Parole Authority filed a second violation of supervised release against Petitioner on June 10, 2019. Petitioner pled guilty to that charge and was sentenced to continue intensive community controls and to enter Turning Point.

One year later, on July 22, 2020, the trial court again issued a capias for Petitioner's arrest for violation of the terms of her supervised release. Another complaint for probation violation was filed on December 10, 2021. The trial court acknowledged that Petitioner had been arrested on new criminal charges for felonious assault in another pending case, *State of Ohio v. Oster*, Case No. 2021 CR 00553 (Ashtabula Cty. Ct. Comm. Pl. indictment filed Dec. 30, 2021). Petitioner was then denied bond and held in custody pending resolution of the pending charges. On April 6, 2022, Petitioner pled guilty to one count of aggravated assault in Case No. 2021 CR 00553 and was sentenced to twelve months in prison. On the same day, she pled guilty in the supervised release violation in Case No. 2015 CR 455 and was sentenced on the original conviction to twelve months for one count of trafficking heroin, and six months for the other count of trafficking in heroin, both counts to be served concurrent with each other and concurrent with the sentence imposed in Case No. 2021 CR 00553. Petitioner indicates she appealed both of these judgments on May 4, 2022. Both appeals are still pending.

Petitioner has now filed this Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 to challenge both convictions. She contends she was not read her Miranda rights at her arrests. She alleges an officer falsified evidence to obtain her arrest in the 2021 case. She states that the judge in the 2015 case stated she would be sentenced to a long prison term for the 2021 case before she had even been arraigned on the charges. Finally, she claims she received ineffective assistance of counsel in both cases, first because her attorneys would not raise the lack of Miranda warnings in either case and did not raise judicial misconduct in her 2021 case.

## STANDARD OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which amended 28 U.S.C. § 2254, was signed into law on April 24, 1996 and applies to habeas corpus petitions filed after that effective date. *Lindh v. Murphy*, 521 U.S. 320, 336 (1997); *see Woodford v. Garceau*, 538 U.S. 202, 210 (2003); *Barker v. Yukins*, 199 F.3d 867, 871 (6th Cir. 1999). The AEDPA was enacted "to reduce delays in the execution of state and federal criminal sentences, and 'to further the principles of comity, finality, and federalism.'" *Woodford*, 538 U.S. at 206 (citing *Williams v. Taylor*, 529 U.S. 362, 436 (2000)). Consistent with this goal, when reviewing an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. *Wilkins v. Timmerman-Cooper*, 512 F.3d 768, 774-76 (6th Cir. 2008). The Petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

A federal court, therefore, may not grant habeas relief on any claim that was adjudicated on the merits in any state court unless the adjudication of the claim either: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based

3

on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); *Wilkins*, 512 F.3d 768, 774 -76 (6th Cir. 2008).

## PROCEDURAL BARRIERS TO HABEAS REVIEW

Before a federal court will review the merits of a Petition for a writ of Habeas Corpus, a Petitioner must overcome several procedural hurdles. Specifically, the Petitioner must surmount the barriers of exhaustion, procedural default, and time limitation. As a general rule, a state prisoner must exhaust all possible state remedies or have no remaining state remedies before a federal court will review a Petition for a writ of Habeas Corpus. 28 U.S.C. § 2254(b) and (c); *see Baldwin v. Reese*, 541 U.S. 27 (2004). Exhaustion is fulfilled once a state supreme court provides a convicted Defendant a full and fair opportunity to review his or her claims on the merits. *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994); *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990).

The doctrine of procedural default also limits access to federal court review of the merits of a constitutional claim. *Daniels v. United States*, 532 U.S. 374, 381 (2001). When a convicted Defendant has not obtained review of his claim by the state courts, and state court remedies are no longer available, the doctrine of procedural default rather than exhaustion applies. *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006). A claim that is procedurally defaulted in state court will not be reviewed by a federal habeas court unless a Petitioner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law or can demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice. *Coleman v. Thompson*, 501 U.S. 722, 751 (1991).

Finally, a one-year period of limitation applies to a Habeas Petition filed under 28 U.S.C. § 2254 by a person in custody pursuant to the judgment of a State court. 28 U.S.C. § 2244(d)(1). Simply stated, a federal court may review only federal claims that were timely filed and evaluated on

the merits by a state court. Claims that are untimely or were not so evaluated, either because they were never presented to the state courts (i.e., exhausted) or because they were not properly presented to the state courts (i.e., were procedurally defaulted), are generally not cognizable on federal habeas review.

## DISCUSSION

In this case, Petitioner's claims are unexhausted. She indicates that she filed direct appeals of her convictions and/or sentences on May 4, 2022. She filed this Petition on May 23, 2022. Her appeals are still pending in the Ohio Eleventh District Court of Appeals. This Petition is premature. Petitioner must exhaust her state court remedies before filing a Petition for a Writ of Habeas Corpus in federal court.

## CONCLUSION

Having considered and examined the Petition, I conclude the claims asserted in the Petition have not been fully exhausted in the state courts. Therefore, the Petition (ECF No. 1) is dismissed without prejudice pursuant to Rule 4 of the Rules Governing Section 2254 Cases. Further, the Court certifies, pursuant to 28 U.S.C. §1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed.R.App.P. 22(b).

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge